UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA R. REESE,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>Security,<br>　　　　　　　Defendant. | Case No. CV 06-6545-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation ("JS").[2]

**I.**

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 7, 8.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ erred when he failed to find Plaintiff had a severe impairment;

2. Whether the ALJ properly evaluated Plaintiff's credibility.

(JS at 6.)

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

## DISCUSSION

**A. Background.**

Plaintiff filed an application for a period of disability and disability insurance benefits on March 4, 2004, alleging an onset of disability from February

2, 2001. She claims she suffers from the severe impairments of chronic fatigue and fibromyalgia, among other things. The ALJ denied the applications, determining that Plaintiff had not established a severe impairment as defined by the regulations on or before her date last insured of September 30, 2001. (AR at 15, 16.) Therefore, the ALJ concluded his sequential analysis at Step Two.

**B.     Substantial Evidence Does Not Support the ALJ's Findings That Plaintiff's Impairments Were Not Severe.**

Title 20 C.F.R. § 404.1521 defines a "non-severe impairment" as one which does not significantly – i.e., more than minimally – limit one's physical or mental capacity to perform basic work-related functions. See Bowen v. Yuckert, 482 U.S. 137, 154, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). Examples of such functions would be the ability to sit, stand, walk, lift, carry, push, pull, reach, or handle; see, hear, and speak; understand, remember, and carry out simple instructions; use judgment; respond appropriately to supervisors, co-workers, and usual work situations; and deal with changes in a work setting. 20 C.F.R. § 404.1521. This analysis is "'a de minimis screening device to dispose of groundless claims.'" Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing Bowen, 482 U.S. at 153-54)). A finding of a non-severe impairment is appropriate only when the "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . " Social Security Ruling ("SSR") 85-28; see also Bowen, 482 U.S. at 154 n.12. This assessment, therefore, is independent of considerations of age, education, and vocational background. Bowen, 482 U.S. at 151-54; Corrao v. Shalala, 20 F.3d 943, 949 (9th Cir. 1994).

In this case, the ALJ found Plaintiff's impairments to be non-severe:
> There is little in the way of medical evidence dating back from her date last insured. The evidence that does exist for the relevant period in question does not contain clinical and diagnostic findings supporting

>  disabling limitations. . . . The medical records prior to the claimant's date last insured primarily consist of numerous blood and other laboratory tests taken of no apparent clinical significance. . . . Diagnoses of chronic fatigue syndrome and fibromyalgia, are repeated throughout the record, however, there is little in the way of objective findings to support these diagnoses.

(AR at 15.) With respect to Plaintiff's credibility, the ALJ also noted that although Plaintiff complained of "significant cognitive complaints, she had not received formal mental health treatment." (Id.) "Various reports have been prepared evaluating the claimant's mental and physical work-related disabilities. However, none of these address the claimant's limitations dating from her date last insured nor are any of the subsequent records probative as to her alleged disabling impairments at that time." (Id.)

Plaintiff contends the ALJ erred in stopping his analysis at Step Two and that he improperly rejected Plaintiff's testimony. After careful consideration of the arguments made by the parties in the Joint Stipulation, as well as the Administrative Record, the Court agrees.

As detailed by Plaintiff, the Administrative Record shows very clearly that several years prior to September 30, 2001, Plaintiff was diagnosed with fibromyalgia and chronic fatigue syndrome, and also was experiencing increasingly severe muscle aches, cognitive dysfunction, and memory loss.[3] (See JS at 2-6 and corresponding record cites.) Plaintiff's testimony and the voluminous medical records also inform this Court that between 1999 and 2002, Plaintiff became increasingly physically and mentally limited by her array of

---

[3] Because the Joint Stipulation provides a detailed overview of Plaintiff's medical records with corresponding citation to the Administrative Record, the Court sees no need to repeat that information here. (See JS at 2-6.)

symptoms.

Indeed, it appears from the ALJ's ultimate finding[4] and from the ALJ's rationale for his non-severity finding in the body of his decision, that he was not applying the proper legal standard but rather conflating the issue of whether any of the medically determinable impairments found by him qualified as "severe," with the issue of whether any of Plaintiff's medically determinable impairments were of disabling severity. For the reasons stated by Plaintiff at pages 2-6, 7-10, and 13-15 of the Joint Stipulation, the Court finds that the medical evidence did not "clearly establish" a finding of non-severity.

**C.     The ALJ Erred in Rejecting Plaintiff's Testimony.**

For the reasons cited by Plaintiff (see AR at 15-18, 19-21), the Court agrees that the ALJ erred in rejecting Plaintiff's testimony. Defendant's arguments to the contrary are not persuasive.

Plaintiff also requests that if the case is remanded, it should go to a different ALJ because the hearing ALJ "entirely abdicated his role as an adjudicator" when he chided Plaintiff during her testimony and "practically laughed [her] out of the hearing room." (JS at17.) Plaintiff bases this request on an offhand remark to Plaintiff regarding the nature of her chronic fatigue syndrome. (See, e.g., AR at 454 ("[T]he Epstein Barr, we used to call that mononucleosis before you were born; and that may have generally last[ed] several months. It is not terminal and it's not something that's gonna last a whole long time.").) While this and other comments may have seemed impatient or sarcastic, an occasional remark expressing sarcasm or impatience does not amount to bias or warrant remand to a

---

[4] "[T]he evidence is insufficient to show a disabling impairment on, or prior to, September 30, 2001, . . . Therefore, [Plaintiff] has failed to meet her burden of proof to show a severe impairment." (AR at 15.)

different ALJ.[5]  Rollins v. Massanari, 261 F.3d 853, 857-58 (9th Cir. 2001) ("'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men . . . sometimes display' do not establish bias.") (quoting Liteky v. United States, 510 U.S. 540, 555-56, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)).  Plaintiff did not show that the ALJ's behavior, in the context of the whole case, was "so extreme as to display clear inability to render fair judgment."  Id. at 858 (citation omitted).  Thus, the Court declines to order the hearing on remand be held before a different ALJ.  The Commissioner, of course, is free to assign the matter to a different ALJ.

Because the Court has found that the ALJ erred at Step Two of the sequential evaluation process, remand is appropriate to allow the Commissioner to continue the sequential evaluation process starting at Step Three.  There is no reason for the Court to direct the manner in which the Commissioner performs Steps Three, Four and Five (if reached), and the Court declines to do so.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

DATED: March 11, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[5] Of course, it would be error for the ALJ to substitute his own medical judgment for the opinions of a physician.  See Tackett v. Apfel, 280 F.3d 1094, 1102-03 (9th Cir. 1999).